1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11  DARRELL M. WRIGHT, JR.,                )     1:06-CV-01498 AWI SMS HC
                                           )
12              Petitioner,                )
                                           )
13      v.                                 )     FINDINGS AND RECOMMENDATION
                                           )     REGARDING RESPONDENT'S MOTION
14                                         )     TO DISMISS; OBJECTIONS DUE WITHIN
    RICHARD KIRKLAND,                      )     30 DAYS
15                                         )
                Respondent.                )     [Doc. #9]
16  _____  )

17
        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus
18
    pursuant to 28 U.S.C. § 2254.
19
                                       **BACKGROUND**
20
        Petitioner is currently in the custody of the California Department of Corrections pursuant to
21
    a judgment of the Superior Court of California, County of Fresno, following his conviction by jury
22
    trial on April 26, 1996, of attempted murder in violation of Cal. Penal Code §§ 664, 187. See Lodged
23
    Doc. No. 1.[1] On July 10, 1996, Petitioner was sentenced to serve a determinate term of six years plus
24
    a consecutive indeterminate term of life with the possibility of parole. Id.
25
        Petitioner appealed the conviction to the California Court of Appeals, Fifth Appellate District
26
    (hereinafter "5th DCA"). On September 17, 1998, the 5th DCA affirmed the judgment. See Lodged
27

28  _____
        [1]"Lodged Doc." refers to the documents lodged by Respondent in support of his motion to dismiss.

1   Doc. No. 2. Petitioner then filed a petition for review in the California Supreme Court. On

2   January 13, 1999, the petition was summarily denied. See Lodged Doc. No. 4.

3          Petitioner filed three post-conviction collateral challenges with respect to the judgment in the

4   state courts, all petitions for writ of habeas corpus, as follows:

5          1.   Fresno County Superior Court
                Filed: September 20, 2005[2];
6                Denied: October 4, 2005;

7          2.   California Court of Appeals, Fifth Appellate District
                Filed: November 1, 2005[3];
8                Denied: November 10, 2005;

9          3.   California Supreme Court
                Filed: November 28, 2005[4];
10               Denied: September 13, 2006.

11   See Lodged Docs. Nos. 5-10.

12          On October 22, 2006,[5] Petitioner filed the instant federal petition for writ of habeas corpus in

13   this Court. On March 22, 2007, Respondent filed a motion to dismiss the petition as being filed

14   outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner filed an

15   opposition to Respondent's motion to dismiss on April 26, 2007.

16                                         **DISCUSSION**

17   A.  Procedural Grounds for Motion to Dismiss

18          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

19   petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

20   _____

21   [2]Although the petition was filed in the Fresno County Superior Court on September 26, 2005, the petition was dated
     September 20, 2005. In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on
22   the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston
     v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).  The Ninth Circuit has applied the rule to assess the timeliness of
23   federal habeas filings under the AEDPA limitations period.  Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), citing
     Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). Therefore under the mailbox rule, the Court deems the
24   petition filed on September 20, 2005, the date Petitioner presumably handed his petition to prison authorities for mailing.

25   [3]Although the petition was filed on November 4, 2005, pursuant to the mailbox rule the Court considers the petition
     filed on November 1, 2005, the date Petitioner signed the petition.

26   [4]Although the petition was filed on December 1, 2005, pursuant to the mailbox rule the Court considers the petition
27   filed on November 28, 2005, the date Petitioner signed the petition.

28   [5]Although the petition was filed on October 25, 2006, under the mailbox rule the Court will consider the petition
     filed on October 22, 2006, the date Petitioner signed the petition.

entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default; Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period.  Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586 (1997).

In this case, the petition was filed on October 22, 2006, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final.  In this case, the petition for review was denied by the California Supreme Court on January 13, 1999.  Thus, direct review concluded on April 13, 1999, when the ninety (90) day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner had one year from April 14, 1999, until April 13, 2000, in which to file his federal petition for writ of habeas corpus.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir.2001). However, Petitioner delayed filing the instant petition until October 22, 2006, over six years beyond the due date.  Absent any applicable tolling, the instant petition is barred by the statute of limitations.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year

1  statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction

2  petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544

3  U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by

4  the federal courts to have been untimely in state court will not satisfy the requirements for statutory

5  tolling. Id.

6         As stated above, the statute of limitations began to run on April 14, 1999, and expired on

7  April 13, 2000. Petitioner did not file his first post-conviction collateral challenge until

8  September 20, 2005. Because the limitations period had already expired by that point, the collateral

9  challenge as well as the subsequent challenges had no tolling consequence.  Green v. White, 223

10  F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has

11  already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL

12  1346354 (N.D.Cal.2002).  In addition, the Fresno County Superior Court and California Supreme

13  Court specifically found the petitions to be untimely. Therefore, they could not operate to toll the

14  limitations period because they were not properly filed. Evans, 546 U.S. 189. Accordingly, the

15  instant federal petition remains untimely.

16  D.  Equitable Tolling

17         The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that

18  he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

19  way." Pace, 544 U.S. at 418; see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96

20  (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), citing Alvarez-Machain

21  v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S. 814 (1997). Petitioner bears

22  the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan,

23  297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). Here, the Court

24  finds no reason to equitably toll the limitations period.

25                                    **RECOMMENDATION**

26         Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be

27  GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to

28  comply with 28 U.S.C. § 2244(d)'s one year limitation period.

1    This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United

2    States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

3    72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

4    California.

5    Within thirty (30) days after being served with a copy of this Findings and Recommendation,

6    any party may file written objections with the Court and serve a copy on all parties.  Such a

7    document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

8    Replies to the Objections shall be served and filed within ten (10) court days (plus three days if

9    served by mail) after service of the Objections.  The Finding and Recommendation will then be

10   submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. §

11   636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may

12   waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

13   1991).

14   IT IS SO ORDERED.

15   **Dated:    May 17, 2007**                          **/s/ Sandra M. Snyder**
                                                 UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28